United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 19-CV-02417-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS QUANTUM MERUIT CLAIM WITH PREJUDICE**<br><br>Re: Dkt. No. 32 |

Plaintiff California Spine and Neurosurgery Institute ("Plaintiff") sues Defendant United Healthcare Insurance Company ("Defendant") and Does 1 through 25 for breach of implied contract, breach of express contract, and quantum meruit. ECF No. 30 ¶¶ 8-67 ("SAC"). Before the Court is Defendant's motion to dismiss Plaintiff's quantum meruit claim. ECF No. 32. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss Plaintiff's quantum meruit claim with prejudice.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a "medical facility dedicated to the care and treatment of spine injuries and/or

1
Case No. 19-CV-02417-LHK
ORDER GRANTING MOTION TO DISMISS QUANTUM MERUIT CLAIM WITH PREJUDICE

conditions" located in Campbell, California. SAC ¶¶ 1, 8. In March 2018 and July 2018, Plaintiff rendered "medically necessary" "spine surgeries" to three patients—D.B., L.M., and M.B.—whose health insurance benefits were sponsored and administered by Defendant.[1] *Id*. ¶¶ 12, 20, 25, 30, 36, 41. All three patients worked for the same employer and were "beneficiar[ies] of a health plan . . . administered" by Defendant. *Id.* ¶¶ 11, 24, 35. All patients owned an identification card from Defendant that was presented to medical providers in order to obtain medical care. *Id*. Defendant instructed patients to present an identification card "to assure medical providers that they would be paid for medical care . . . at a percentage of the usual and customary value for such care." *Id*. Furthermore, patients' employer published a summary of the benefits of patients' medical plans and noted that the plans paid 70% of eligible expenses for care from out-of-network providers.[2] *Id*. ¶¶ 12, 25, 36. Plaintiff was an out-of-network provider under the health plans administered by Defendant. *Id*. ¶ 9.

D.B., L.M., and M.B. experienced back pain and sought medical services from Plaintiff. *Id.* ¶¶ 13, 26, 37. For each patient, Plaintiff contacted Defendant to verify medical eligibility benefits, and Defendant's client services representatives "either expressly or impliedly assured" Plaintiff that Defendant "carried the financial responsibility to pay for" all three patients' "anticipated medical care at 70% of the usual and customary value for such care." *Id.* ¶¶ 17, 27, 38. For D.B., Plaintiff received an authorization letter in response to Plaintiff's request for coverage of services that determined that the treatment was medically necessary. *Id.* ¶ 14-16. For patients L.M. and M.B., Defendant's client services representatives allegedly told Plaintiff that "no pre-authorization was required" after Plaintiff "telephoned [Defendant] to verify . . . medical eligibility benefits." *Id.* ¶¶ 27, 29, 38, 40.

---

[1] Plaintiff "limited the disclosure of patient identification information pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA") §§ 1320(d) *et seq*., and the California Constitution, art. 1, § 1." SAC at 4 n.1.
[2] The SAC alleges that D.B. and L.M. both have the same health plan but that M.B. has a different one. SAC ¶¶ 12, 25, 36. According to the SAC, the health plans reimburse 70% of expenses for care from out-of-network providers with slight differences based on deductibles. *Id*. For the purposes of Defendant's motion to dismiss, these differences are immaterial.

2
Case No. 19-CV-02417-LHK
ORDER GRANTING MOTION TO DISMISS QUANTUM MERUIT CLAIM WITH PREJUDICE

Based on the existence of an identification card issued by Defendant, the pre-authorization discussions and the authorization letter, and "the express and/or implied resultant assurances" that Plaintiff "would be paid at least 70% of the usual and customary value of its medical services anticipated to be rendered," Plaintiff provided treatment to D.B., L.M., and M.B. and submitted claims for payment at the usual and customary rate for such services. *Id*. ¶¶ 20-21, 30-31, 41-42. Plaintiff alleges, however, that Defendant significantly underpaid Plaintiff and owes $206,909.66 plus interest and other costs. *Id*. ¶¶ 21-23, 31-34, 42-45, 69.

**B. Procedural History**

On December 20, 2018, Plaintiff filed suit against UHC of California doing business as UnitedHealthcare of California, Apple Inc., and Does 1 through 25 in the Superior Court of Santa Clara County. ECF No. 1-1 Ex. A. Plaintiff's complaint asserted three causes of action against defendants: breach of implied in fact contract, breach of express contract, and quantum meruit. *Id.* On February 25, 2019, Plaintiff amended the complaint and replaced UHC of California with United Healthcare Insurance Company. FAC ¶ 5. On April 23, 2019, Plaintiff filed a request for dismissal of Apple Inc. in state court. ECF No. 1-1 Ex. E. On April 30, 2019, Plaintiff also filed a request for dismissal of UHC of California in state court. ECF No. 1-1 Ex. F. United Healthcare Insurance Company was the only remaining named defendant.

On May 3, 2019, Defendant removed the case to this Court. ECF No. 1. On May 10, 2019, Defendant moved to dismiss all three causes of action in Plaintiff's First Amended Complaint ("FAC"). *See* ECF No. 7.

On September 17, 2019, the Court granted in part and denied in part Defendant's motion to dismiss. ECF No. 28. First, the Court denied Defendant's motion to dismiss Plaintiff's claims for breach of implied contract and breach of express contract because Plaintiff pled that "Defendant gave 'express and/or implied resultant assurances' that Plaintiff 'would be paid at least 70% of the usual and customary value of its medical services anticipated to be rendered.'" *Id.* at 6 (quoting FAC ¶¶ 17, 27, 38). As a result, the Court concluded that Plaintiff had adequately alleged that Defendant exhibited an intent to contract. *Id.* at 6-7.

United States District Court
Northern District of California

Second, the Court granted Defendant's motion to dismiss Plaintiff's quantum meruit claim with leave to amend. *Id*. at 8-10. Among other things, a quantum meruit claim requires that services were performed at defendant's request. *Id.* at 8-9. Because Plaintiff had only alleged that Plaintiff requested services, the Court dismissed the quantum meruit claim with leave to amend. *Id.* at 9-10. The Court allowed Plaintiff to file an amended complaint but noted that "failure to cure the deficiencies identified" in the Court's Order would "result in a dismissal with prejudice of the deficient claim." ECF No. 29 at 1.

On October 17, 2019, Plaintiff filed its Second Amended Complaint ("SAC") and realleged the same three causes of action for breach of implied contract, breach of express contract, and quantum meruit. ECF No. 30 ("SAC"). Plaintiff, however, added only two new paragraphs to the SAC. *See id.* ¶¶ 63-64. Those paragraphs allege that "[p]rior to surgery for Patient D.B., California Spine received a pre-procedure authorization letter from OrthoNet, on behalf of United" and that "[p]rior to surgery for Patient L.M. and Patient M.B., California Spine was informed, by agents of United as stated above, that the pre-authorization process was not required." *Id.*

On October 31, 2019, Defendant filed a motion to dismiss Plaintiff's quantum meruit claim. ECF No. 32 ("Mot."). On November 14, 2019, Plaintiff filed an opposition brief. ECF No. 35 ("Opp."). Defendant filed a reply on November 21, 2019. ECF No. 36 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). Put another way, "a complaint need not contain 'detailed factual allegations,' [but] a plaintiff must plead at least enough facts to put the defendant on notice of the claim against it." *Wheeler v. MicroBilt Corp.*, 700 Fed. App'x 725, 727 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). For purposes of ruling on a Rule 12(b)(6) motion, the Court must "accept factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). At the same time, a court is justified in denying leave to amend when a plaintiff "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). Indeed, a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quotation marks omitted).

5
Case No. 19-CV-02417-LHK
ORDER GRANTING MOTION TO DISMISS QUANTUM MERUIT CLAIM WITH PREJUDICE

## III. DISCUSSION

Defendant challenges Plaintiff's claim for quantum meruit on the basis that Plaintiff has not adequately alleged such a claim. "Quantum meruit (or quasi-contract) is an equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the reasonable value of those services when necessary to prevent unjust enrichment of the defendant." *DPR Constr. v. Shire Regenerative Med., Inc.*, 204 F. Supp. 3d 1118, 1131 (S.D. Cal. 2016) (quoting *In re De Laurentiis Entm't. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (citation omitted)). "The elements of quantum meruit are: (1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Med. Ctr. V. Mid-W. Nat. Life Ins. Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000) (citing *Haggerty v. Warner*, 115 Cal App. 2d 468, 475 (1953)).

As before, the Court focuses on the third element necessary to plead a quantum meruit claim. At the outset, the Court notes that Plaintiff does not argue that Defendant requested services for L.M. and M.B. *See* Opp. at 4-6. When a plaintiff fails to argue in support of a cause of action in opposition to a defendant's motion, that claim is abandoned. *See Campbell v. Feld Entm't, Inc.*, 75 F. Supp. 3d 1193, 1204 (N.D. Cal. 2014) (finding claims abandoned when Plaintiffs did not raise them in opposition to a motion for summary judgment); *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (same). Nonetheless, even if Plaintiff did not abandon the quantum meruit claim as it relates to services for L.M. and M.B., the SAC alleges that Defendant's purported "requests for services" were only made after "staff at California Spine telephoned United to verify . . . medical eligibility benefits." SAC ¶¶ 27, 29, 38, 40.

For D.B., Plaintiff argues that, unlike before, Plaintiff has sufficiently pled facts establishing the third element for a quantum meruit claim because Defendant made an express request for Plaintiff to render services to D.B. "in the form of a pre-procedure authorization letter." Opp. at 5 (citing SAC ¶ 63). However, Plaintiff explicitly alleges that the pre-procedure authorization letter for D.B. was issued "in response to California Spine's request for coverage of

6

Case No. 19-CV-02417-LHK
ORDER GRANTING MOTION TO DISMISS QUANTUM MERUIT CLAIM WITH PREJUDICE

services." SAC ¶ 14.

Such allegations are fatal to Plaintiff's quantum meruit claim, as Plaintiff explicitly pleads that any authorization provided by Defendant was only made in response to Plaintiff's request. As the Court held in its prior order, numerous decisions have recognized that a "cause of action for quantum meruit [fails] when . . . the defendant has not made a specific request for those services." *Gateway Rehab and Wellness Ctr., Inc. v. Aetna Health of Cal., Inc.*, 2013 WL 1518240, at *4 (C.D. Cal. Apr. 10, 2013) (citation omitted); *Cal. Spine & Neurosurgery Inst. v. United Healthcare Servs., Inc.*, 2018 WL 6074567, at *2 (C.D. Cal. June 28, 2018) (dismissing quantum meruit claim without prejudice because Plaintiff "d[id] not bolster its allegations that Defendant expressly requested services"); *Cmty. Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.*, 119 F. Supp. 3d 1042, 1051-52 (N.D. Cal. 2015) ("Authorizing, by definition, means 'to give legal authority' or 'to formally approve.' In the health insurance context, it is the patient who firsts requests service in the form of treatment. Then, the provider . . . must seek authorization to provide such treatment from the insurer . . . . No reasonable jury could conclude that [provider] 'performed services at [insurer's] request,' when in fact [provider] initiated contact with [insurer] as to authorization." (alterations adopted)); *Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co.*, 2016 WL 7626446, at *3 (C.D. Cal. Sep. 30, 2016) ("It is undisputed that Defendant did not request that Plaintiff provide [the patient] with medical services. Rather, [the patient] requested medical services from Plaintiff, who then contacted Defendant to verify [the patient's] coverage eligibility. The undisputed facts thus show that Plaintiff cannot establish the third element of its quantum meruit claim." (citations omitted)); *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 249 (2002) ("[W]hen the services are rendered by the plaintiff to a third person, the courts have required that there by a specific request therefor from the defendant . . . .").

Again, this case is on all fours with *Summit Estate, Inc. v. Cigna Healthcare of California, Inc.*, 2017 WL 4517111 (N.D. Cal. Oct. 10, 2017), where the Court held that "[e]ven assuming that Defendants verified coverage and authorized Plaintiff to provide . . . services through these alleged representations, Plaintiffs have not alleged enough facts to plausibly suggest that

7

Case No. 19-CV-02417-LHK
ORDER GRANTING MOTION TO DISMISS QUANTUM MERUIT CLAIM WITH PREJUDICE

Defendants *requested* Plaintiff to render those services because, as alleged in Plaintiff's complaint, Plaintiff initiated contact with Defendants to verify coverage and seek authorization." 2017 WL 4517111, at *11. That same conclusion follows here.

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's quantum meruit claim. In its prior order, the Court explained that "failure to cure the deficiencies identified" in the Court's Order would "result in a dismissal with prejudice of the deficient claim." ECF No. 29 at 1. Additionally, Plaintiff already had the opportunity to amend the complaint, and the Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso*, 637 F.3d at 1058. Because Plaintiff has failed to cure deficiencies previously identified in the Court's prior order, the Court finds that amendment would be futile and dismisses Plaintiff's quantum meruit claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiff's quantum meruit claim with prejudice.

**IT IS SO ORDERED.**

Dated: February 24, 2020

*Lucy H. Koh*

LUCY H. KOH
United States District Judge