UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CALIFORNIA SPINE AND NEUROSURGERY INSTITUTE,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, et al.,<br><br>Defendants/Counter-Plaintiff. | Case No. 19-CV-02417-LHK<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 78 |

Plaintiff California Spine and Neurosurgery Institute ("Plaintiff") sues Defendant United Healthcare Insurance Company ("Defendant") and Does 1 through 25 for breach of implied in fact contract and breach of express contract. ECF No. 30 ¶¶ 46–60. Defendant asserts a counterclaim against Plaintiff for money had and received. ECF No. 51 ¶¶ 22–24. Before the Court is Defendant's motion to file under seal an exhibit to a supplemental declaration supporting Defendant's motion for summary judgment. ECF No. 78. Both Plaintiff and Defendant have filed declarations in support of Defendant's motion to seal. *See* ECF No. 78-1 ("Ernster Decl."); ECF No. 79 ("Garcia Decl."). Having considered Defendant's motion, the relevant law, and the record in this case, the Court hereby GRANTS Defendant's motion to file under seal.

1

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

1  In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

## II. DISCUSSION

Defendant moves to file under seal Exhibit 4 to the supplemental declaration of Shannon L. Ernster, which was filed in support of Defendant's motion for summary judgment. *See* ECF No. 76. In determining which standard applies to a motion to seal, "[t]he focus . . is on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. In the instant case, the motion at issue is a motion for summary judgment, a dispositive motion that is more than tangentially related to the underlying causes of action, so the "compelling reasons" standard applies to Defendant's motion to seal. *See Kamakana*, 447 F.3d at 1179, 1181 (applying the "compelling reasons" standard to a motion to seal documents attached to a motion for summary judgment); *Microsoft Corp. v. Hon Hai Precision Industry Co., Ltd.*, 2020 WL 4901610, at *2 (N.D. Cal. Aug. 20, 2020) (applying the "compelling reasons" standard to a motion to seal documents attached to a motion for summary judgment because "motions for summary judgment are more than tangentially related to the underlying causes of action").

In the instant case, Defendant submits proposed redactions within Exhibit 4. "[R]edactions have the virtue of being limited and clear, identifying specific names or references to be kept secret." *Kamakana*, 447 F.3d at 1183. Nonetheless, even when there are only specific redactions,

"a broad, categorical approach" will not meet the "compelling reasons" standard. *Id.*; *see also La. Pac. Corp. v. Money Market 1 Institutional Inv. Dealer*, 2013 WL 550563, at *2 (N.D. Cal. Feb. 12, 2013) (denying motion to seal because, although the plaintiff only sought to redact a limited amount of information, the plaintiff did "not allege that this information is competitively sensitive, contains a trade secret, could be used for an improper purpose, or in fact, any reason . . . for why the information should be sealed").

Defendant argues that redacting Exhibit 4 is necessary for two reasons: (1) to protect the amounts Plaintiff has been paid for certain medical procedures; and (2) to protect the personal health information of patients. *See* Ernster Decl ¶ 5. The Court addresses each reason for sealing in turn.

**A. Redacting the Amount Plaintiff Has Been Paid for Certain Medical Procedures**

Defendant argues that redacting Exhibit 4 is necessary because Exhibit 4 contains data produced by Plaintiff regarding the amounts Plaintiff has been paid for certain medical procedures. *See* Ernster Decl ¶ 5; Garcia Decl. ¶ 5. Indeed, Plaintiff states that if these amounts were to be disclosed, Plaintiff "would suffer specific harm in future negotiations with health plans and insurance companies as the data set forth in Exhibit 4 is not publicly or commercially available." Garcia Decl. ¶ 5.

The United States Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, courts have found compelling reasons to seal pricing information where the disclosure can harm a litigant's competitive standing. *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (affirming order sealing "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Philips v. Ford Motor Co.*, Case No. 14-cv-02989-LHK, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"). *Rodman v. Safeway*

*Inc.*, Case No. 11-cv-03003-JST, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Similarly, the Court concludes in the instant case that the competitive harm that would result from the disclosure of the amount Plaintiff has been paid for certain medical procedures is a compelling reason that outweighs the general history of access and the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. Because the Court concludes that there are compelling reasons to redact the amounts paid for certain medical procedures, the Court GRANTS Defendant's motion to file under seal this information.

### B. Redacting the Personal Health Information of Patients

Defendant also argues that redacting Exhibit 4 is necessary because Exhibit 4 contains the personal health information of patients, which is protected by the Health Insurance Portability & Accountability Act ("HIPAA") §§ 1320(d) *et seq*. *See* Ernster Decl. ¶ 5.

Courts have repeatedly concluded that the need to keep personal health information confidential outweighs the presumption in favor of public access to court records. *See Ortiz v. City & County of San Francisco*, 2020 WL 2793615, at *9 (N.D. Cal. May 29, 2020) (granting motion to seal the plaintiff's medical records); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (concluding that the confidentiality of medical records outweighed the presumption in favor of public access to court records). Indeed, courts have recognized that personal health information "could become a vehicle for improper purposes." *Kamakana*, 447 F.3d at 1179; *see Stafford v. Rite Aid Corp.*, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019) (granting motion to seal the plaintiff's "protected health information and other personal information" because this information "could become a vehicle for improper purposes").

Accordingly, the Court concludes that the harm that would result from disclosing the personal health information of patients is a compelling reason that outweighs the general history of access and the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. Because the Court concludes that there are compelling reasons to redact patients' health

information, the Court GRANTS Defendant's motion to file under seal this information.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to file Exhibit 4 under seal.

**IT IS SO ORDERED.**

Dated: February 12, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge