1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

18

CALIFORNIA SPINE AND
NEUROSURGERY INSTITUTE,

                Plaintiff/Counter-Defendant,

     v.

UNITED HEALTHCARE INSURANCE
COMPANY, et al.,

                Defendants/Counter-Plaintiff.

Case No. 19-CV-02417-LHK

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 66, 67

19

20

21

22

23

24

25

        Plaintiff California Spine and Neurosurgery Institute ("Plaintiff") sues Defendant United

Healthcare Insurance Company ("Defendant") and Does 1 through 25 for breach of implied in fact

contract and breach of express contract. ECF No. 30 ("SAC") ¶¶ 46–60. Defendant asserts a

counterclaim against Plaintiff for money had and received. ECF No. 51 ¶¶ 22–24. Before the

Court are Plaintiff's motion for summary judgment on Defendant's counterclaim, ECF No. 66,

and Defendant's motion for summary judgment, or in the alternative, for partial summary

judgment, on Plaintiff's Second Amended Complaint, ECF No. 67.[1] Having considered the

26

27

_____

[1] Defendant's motion for summary judgment contains a notice of motion filed and paginated
separately from the points and authorities in support of the motion. ECF Nos. 67, 68. Plaintiff's

28

1

Case No. 19-CV-02417-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1   parties' submissions, the relevant law, and the record in this case, the Court DENIES Plaintiff's

2   motion for summary judgment and DENIES Defendant's motion for summary judgment.

3   **I.      BACKGROUND**

4        **A. Factual Background**

5        Plaintiff is a "medical facility dedicated to the care and treatment of spine injuries and/or

6   conditions" located in Campbell, California. SAC ¶¶ 1, 8. In March 2018 and July 2018, Plaintiff

7   rendered "medically necessary" "spine surgeries" to three patients—D.B., L.M., and M.B.—

8   whose health insurance benefits were sponsored and administered by Defendant.[2] SAC ¶¶ 12, 20,

9   25, 30, 36, 41; Onibokun Decl. ¶ 6, Exhs. A, D, H. All three patients worked for the same

10  employer, Apple, Inc. ("Apple"), and were "beneficiar[ies] of a health plan . . . administered" by

11  Defendant. SAC ¶¶ 11, 24, 35; Onibokun Decl. ¶ 6.

12       All patients owned an identification card from Defendant that was presented to medical

13  providers in order to obtain medical care. SAC ¶¶ 11, 24, 35. Defendant instructed patients to

14  present an identification card "to assure medical providers that they would be paid for medical

15  care . . . at a percentage of the usual and customary value for such care." *Id.* Furthermore, the

16  patients' employer published a summary of the benefits of patients' medical plans and noted that

17  the plans paid 70% of eligible expenses for care from out-of-network providers.[3] *Id.* ¶¶ 12, 25, 36.

18  Plaintiff was an out-of-network provider under the health plans administered by Defendant. *Id.*

19  ¶ 9.

20       D.B., L.M., and M.B. experienced back pain and sought medical services from Plaintiff.

21

22  motion for summary judgment contains a notice of motion paginated separately from the points
    and authorities in support of the motion. ECF No. 66 at 1–2. Civil Local Rule 7-2(b) provides that
23  the notice of motion and points and authorities must be contained in one document with the
    same pagination.
24  [2] Plaintiff "limited the disclosure of patient identification information pursuant to the privacy
    provisions of the federal Health Insurance Portability & Accountability Act ("HIPAA")
25  §§ 1320(d) *et seq*., and the California Constitution, art. 1, § 1." SAC at 4 n.1.
    [3] The Second Amended Complaint alleges that D.B. and L.M. both have the same health plan but
26  that M.B. has a different one. SAC ¶¶ 12, 25, 36. According to the SAC, the health plans
    reimburse 70% of expenses for care from out-of-network providers with slight differences based
27  on deductibles. *Id.* For the purposes of the instant motions, these differences are immaterial.

28  Case No. 19-CV-02417-LHK
    ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT

*Id.* ¶¶ 13, 26, 37. For each patient, Plaintiff contacted Defendant to verify medical eligibility benefits, and Defendant's client services representatives "either expressly or impliedly assured" Plaintiff that Defendant "carried the financial responsibility to pay for" all three patients' "anticipated medical care at 70% of the usual and customary value for such care." SAC ¶¶ 17, 27, 38; Ernster Decl. Exh. A at 144–45; Onibokun Decl. Exhs. B, E, I. Defendant's affiliate then allegedly sent Plaintiff authorization letters for the services to Patients D.B., L.M., and M.B., each of which specified the services to be performed by procedure code and stated that "[a]fter review of the information submitted and your plan documents, it was determined that this service is covered by your plan." Onibokun Decl. Exhs. C, G, J.

Based on the existence of an identification card issued by Defendant, the pre-authorization discussions and the authorization letter, and "the express and/or implied resultant assurances" that Plaintiff "would be paid at least 70% of the usual and customary value of its medical services anticipated to be rendered," Plaintiff provided treatment to D.B., L.M., and M.B. and submitted claims for payment at the usual and customary rate for such services. SAC ¶¶ 20–21, 30–31, 41 – 42. Plaintiff alleges, however, that Defendant significantly underpaid Plaintiff and owes $206,909.66 plus interest and other costs. *Id.* ¶¶ 21–23, 31–34, 42–45, 69. Conversely, Defendant alleges that Defendant overpaid Plaintiff for the services to Patient D.B. by $98,140.00. ECF No. 51 ¶¶ 22–24.

**B. Procedural History**

On December 20, 2018, Plaintiff filed suit against UHC of California doing business as UnitedHealthcare of California, Apple, and Does 1 through 25 in the Superior Court of Santa Clara County. ECF No. 1-1 Ex. A ("FAC"). Plaintiff's complaint asserted three causes of action against the defendants: breach of implied in fact contract, breach of express contract, and quantum meruit. *Id.*

On February 25, 2019, Plaintiff amended the complaint and replaced UHC of California with United Healthcare Insurance Company. FAC ¶ 5. On April 23, 2019, Plaintiff filed a request

Case No. 19-CV-02417-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    for dismissal of Apple in state court. ECF No. 1-1 Ex. E. On April 30, 2019, Plaintiff also filed a

2    request for dismissal of UHC of California in state court. ECF No. 1-1 Ex. F. United Healthcare

3    Insurance Company was the only remaining named defendant. On May 3, 2019, Defendant

4    removed the case to this Court. ECF No. 1.

5         On May 10, 2019, Defendant moved to dismiss all three causes of action in Plaintiff's First

6    Amended Complaint. ECF No. 7. On September 17, 2019, the Court granted in part and denied in

7    part Defendant's motion to dismiss. ECF No. 28. First, the Court denied Defendant's motion to

8    dismiss Plaintiff's claims for breach of implied in fact contract and breach of express contract

9    because Plaintiff pled that "Defendant gave 'express and/or implied resultant assurances' that

10   Plaintiff 'would be paid at least 70% of the usual and customary value of its medical services

11   anticipated to be rendered.'" *Id.* at 6 (quoting FAC ¶¶ 17, 27, 38). As a result, the Court concluded

12   that Plaintiff had adequately alleged that Defendant exhibited an intent to contract. *Id.* at 6–7.

13        Second, the Court granted Defendant's motion to dismiss Plaintiff's quantum meruit claim

14   with leave to amend. *Id.* at 8–10. Among other things, a quantum meruit claim requires that

15   services were performed at the defendant's request. *Id.* at 8–9. Because Plaintiff had only alleged

16   that Plaintiff requested services, the Court dismissed the quantum meruit claim with leave to

17   amend. *Id.* at 9–10.

18        On October 17, 2019, Plaintiff filed its Second Amended Complaint and realleged the

19   same three causes of action for breach of implied in fact contract, breach of express contract, and

20   quantum meruit. ECF No. 30 ("SAC") ¶¶ 46–69. Plaintiff, however, added only two new

21   paragraphs. *See id.* ¶¶ 63-64. Those paragraphs allege that "[p]rior to surgery for Patient D.B.,

22   California Spine received a pre-procedure authorization letter from OrthoNet, on behalf of United"

23   and that "[p]rior to surgery for Patient L.M. and Patient M.B., California Spine was informed, by

24   agents of United as stated above, that the pre-authorization process was not required." *Id.*

25        On October 31, 2019, Defendant filed a motion to dismiss Plaintiff's quantum meruit

26   claim. ECF No. 32. On February 24, 2020, the Court granted Defendant's motion to dismiss

27

28   Case No. 19-CV-02417-LHK
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    Plaintiff's quantum meruit claim with prejudice. ECF No. 49. The Court concluded that Plaintiff

2    had not alleged that the services were performed at the defendant's request, as required for a

3    quantum meruit claim. *Id*. at 6–8. Because Plaintiff had failed to cure deficiencies identified in the

4    Court's prior order, the Court concluded that amendment would be futile and dismissed Plaintiff's

5    quantum meruit claim with prejudice. *Id*. at 8.

6            On March 9, 2020, Defendant filed a counterclaim against Plaintiff for money had and

7    received. ECF No. 51 ¶¶ 22–24. Defendant alleges that Defendant overpaid Plaintiff for the

8    services rendered to D.B. in the amount of $98,140.00. *Id*. ¶ 3.

9            On November 20, 2020, Plaintiff filed a motion for summary judgment on Defendant's

10   counterclaim. ECF No. 66 ("Plaintiff's MSJ"). That same day, Defendant filed a motion for

11   summary judgment, or in the alternative, for partial summary judgment, on the Second Amended

12   Complaint. ECF Nos. 67, 68 ("Defendant's MSJ"). On December 4, 2020, Plaintiff and Defendant

13   filed oppositions. ECF No. 69 ("Plaintiff's Opp"); ECF No. 70. ("Defendant's Opp."). On

14   December 11, 2020, Plaintiff and Defendant filed replies. ECF No. 73 ("Defendant's Reply");

15   ECF No. 77 ("Plaintiff's Reply").[4]

16   **II.      LEGAL STANDARD**

17           Summary judgment is proper where the pleadings, discovery, and affidavits show that

18   there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as

19   a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of

20   the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact

21   is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving

22   party. *See id.*

23

24   _____

25   [4] Each side filed evidentiary objections. *See* ECF Nos. 69-2, 74. However, "to survive summary judgment, a party does not necessarily have to produce evidence in a form that would be

26   admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) Thus, the Court

27   OVERRULES WITHOUT PREJUDICE each side's evidentiary objections.

28   Case No. 19-CV-02417-LHK
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    The Court will grant summary judgment "against a party who fails to make a showing

2    sufficient to establish the existence of an element essential to that party's case, and on which that

3    party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an

4    essential element of the nonmoving party's case necessarily renders all other facts immaterial."

5    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden

6    of identifying those portions of the record that demonstrate the absence of a genuine issue of

7    material fact. *Id*. The burden then shifts to the nonmoving party to "go beyond the pleadings, and

8    by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

9    designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal

10   quotations omitted). If the nonmoving party fails to make this showing, "the moving party is

11   entitled to judgment as a matter of law." *Id*. at 323.

12   For purposes of summary judgment, the Court must view the evidence in the light most

13   favorable to the nonmoving party; if the evidence produced by the moving party conflicts with

14   evidence produced by the nonmoving party, the Court must assume the truth of the evidence

15   submitted by the nonmoving party. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The

16   Court's function on a summary judgment motion is not to make credibility determinations or

17   weigh conflicting evidence with respect to a disputed material fact. *T.W. Elec. Serv. v. Pac. Elec.*

18   *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

19   **III.   DISCUSSION**

20   Defendant moves for summary judgment, or in the alternative, for partial summary

21   judgment on Plaintiff's Second Amended Complaint. Defendant's MSJ at 2–3. Plaintiff moves for

22   summary judgment on Defendant's counterclaim for money had and received. Plaintiff's MSJ at 5.

23   The Court first addresses Defendant's motion for summary judgment. The Court then addresses

24   Plaintiff's motion for summary judgment.

25   **A.  Defendant's Motion for Summary Judgment**

26   Defendant moves for summary judgment on the claims in Plaintiff's Second Amended

27

28   Case No. 19-CV-02417-LHK
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

1 Complaint: (1) breach of implied in fact contract and (2) breach of express contract. Defendant's

2 MSJ at 2. In the alternative, Defendant moves for partial summary judgment. *Id*. at 3.

3       Under California law, a cause of action for breach of contract requires "(1) existence of the

4 contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4)

5 the resulting damages to the plaintiff." *Chung v. Nationstar Mortg.*, 2013 WL 12321999, at *4

6 (C.D. Cal. Oct. 29, 2013) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (Cal.

7 2011)). "A cause of action for breach of implied contract has the same elements as does a cause of

8 action for breach of contract, except that the promise is not expressed in words but is implied from

9 the promisor's conduct." *Yari v. Producers Guild of Am., Inc.*, 161 Cal. App. 4th 172, 182 (2008)

10 (citing *Chandler v. Roach*, 156 Cal. App. 2d 435, 440 (1957)).

11       Contract formation, in turn, requires "(1) parties capable of contracting; (2) their consent;

12 (3) a lawful object; and (4) a sufficient cause or consideration." *Summit Estate, Inc. v. Cigna*

13 *Healthcare of Cal., Inc.*, 2017 WL 4517111, at *3 (N.D. Cal. Oct. 10, 2017) (citing Cal. Civ. Code

14 § 1550). "In order to satisfy the consent requirement, there must be 'objective' and 'outward

15 manifestations' that the parties intended to be bound by an agreement." *Id*. (quoting *Weddington*

16 *Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998)).

17       Defendant contends that there is no genuine issue of material fact regarding whether a

18 contract existed between Plaintiff and Defendant for two reasons. First, Defendant argues that the

19 verification of benefits calls and authorization of services letters do not create a genuine issue of

20 material fact regarding whether a contract existed. Defendant's MSJ at 13–16. Second, Defendant

21 argues there is no genuine issue of material fact regarding whether a contract existed because the

22 parties had different understandings of what rate Defendant would pay for the services rendered.

23 Defendant's MSJ at 16–20. The Court addresses each of these arguments in turn.

24     **1. Taken together, the verification of benefits calls and authorization of services
25       letters create a genuine issue of material fact regarding whether a contract
      existed.**

26       Defendant argues that the existence of a contract cannot be demonstrated by: (1) the

27
7

28 Case No. 19-CV-02417-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    verification of benefits calls placed by Plaintiff's representatives to Defendant's representatives,

2    and (2) Defendant's authorization of services letters. Defendant's MSJ at 13–16. The Court

3    considers each in turn.

4                    **a.  The verification of benefits calls**

5             Defendant contends that the verification of benefits calls do not demonstrate that a contract

6    existed. Defendant's MSJ at 13–15. In support of this argument, Defendant cites cases holding that

7    a verification of benefits call between a healthcare provider and an insurer did not create a contract

8    requiring the insurer to pay. For example, in *Stanford Hospital & Clinics v. Multinational*

9    *Underwriters, Inc.*, another court in this district granted summary judgment to an insurer because

10   the only evidence of a contract stemmed from a verification of benefits call and "the relevant case

11   law weigh[ed] against a finding that verification of benefits alone constitutes consent." 2008 WL

12   5221071, at *6 (N.D. Cal. Dec. 12, 2008). Similarly, in *Cedars-Sinai Medical Center v. Mid-West*

13   *National Life Insurance Company*, another district court concluded that "verification of coverage"

14   could not be "viewed objectively as exhibiting an intent to contract" and thus granted summary

15   judgment to the insurer. 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000).

16            However, there are two flaws with Defendant's argument. First, although some cases have

17   held that a verification of benefits call is insufficient to form a contract, other cases have

18   concluded that a verification of benefits call is sufficient. *See, e.g.*, *Enloe Med. Ctr. v. Principal*

19   *Life Ins. Co.*, 2011 WL 6396517, at *6 (E.D. Cal. 2011) (finding that "in some instances, a

20   contract may be created on an authorization call").

21            Second, the instant case is distinguishable from *Stanford* and *Cedars-Sinai* because, unlike

22   the insurer in those cases, Defendant sent letters explicitly authorizing the specific services to be

23   provided in addition to the verification of benefits call. *See* Onibokun Decl. Exhs. C, G, J. Thus,

24   the facts of this case are closer to *Regents of the University of California v. Principal Financial*

25   *Group*, where another court in this district denied summary judgment and held that there was a

26   genuine issue of material fact regarding whether the insurer-defendants exhibited an intent to

27

28   Case No. 19-CV-02417-LHK
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

United States District Court
Northern District of California

1   contract because "defendants in this case provided both verification of coverage and explicit

2   authorization for the hospital stay." 412 F. Supp. 2d 1037, 1042 (N.D. Cal. 2006). The Court next

3   considers the authorization of service letters.[5]

4                    **b.   The authorization of service letters**

5           Defendant next contends that its authorization of service letters are not sufficient evidence

6   that a contract existed. Defendant's MSJ at 15–16. Specifically, Defendant points to a disclaimer

7   at the end of each letter, which states that "[t]his approval does not guarantee that the plan will pay

8   for the service" in certain circumstances. Onibokun Decl. Exhs. C, G, J.

9           However, Defendant's argument is unpersuasive. The disclaimer states that "[t]his

10  approval does not guarantee that the plan will pay for the service, when, for example": (1)

11  "[y]ou're no longer a member of the plan on the date you receive services" or "the plan ended

12  before you received services"; (2) "you never received services" or "services are found to be a

13  case of fraud, waste, or abuse"; (3) "payment of covered services depends on other plan rules"; or

14  (4) when "services were provided by a doctor, health care professional, or facility that was

15  sanctioned or excluded from government programs at the time of service." *See id.* Defendant does

16  not argue that any of those limited circumstances applies here. Thus, the Court concludes that the

17  verification of benefits calls, together with the authorization letters, create a genuine issue of

18  material fact regarding whether a contract existed between Plaintiff and Defendant.

19       **2.  There is a genuine issue of material fact regarding whether a contract existed
            between Plaintiff and Defendant to pay 70% of the usual and customary rate of
20          the services Plaintiff provided.**

21          Defendant next contends that a contract did not exist because, at the time the contract was

22  allegedly formed, Plaintiff and Defendant had different understandings of what rate Defendant

23  would pay for the services Plaintiff provided. Defendant's MSJ at 16–20. According to Defendant,

24  _____

25  [5] Defendant also argues that verification of benefits calls are not sufficient to demonstrate the
    existence of a contract because "[d]uring such calls, Plaintiff's representatives do not identify the
26  procedure (by CPT codes) that Plaintiff intends to perform on the patients." Defendant's MSJ at
    14. However, the authorization of services letters identify the specific procedures to be performed.
27  *See* Onibokun Decl. Exhs. C, G, I.

                                                9

28  Case No. 19-CV-02417-LHK
    ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    Plaintiff "alleges that an express contract existed between Plaintiff and Defendant by which

2    Defendant agreed to pay Plaintiff at least 70% of Plaintiff's billed charges for the services," but

3    Defendant never agreed to pay Plaintiff at least 70% of Plaintiff's billed charges. *Id*. at 16.

4          However, Plaintiff does not claim that Defendant agreed to pay 70% of Plaintiff's billed

5    charges. Rather, Plaintiff's complaint alleges that Defendant "confirmed that they would pay at

6    least 70% of the usual and customary value of [Plaintiff's] care" and "agreed to pay for

7    [Plaintiff's] care at a rate of at least 70% of the usual and customary value of [Plaintiff's] care."

8    SAC ¶¶ 48, 56. Similarly, Dr. Onibokun, Plaintiff's person most knowledgeable regarding

9    payments made by Defendant to Plaintiff for the services rendered to the three patients at issue,

10   testified in a deposition that Defendant's representative told Plaintiff that the reimbursement

11   "[was] going to be based on UCR [the usual and customary rate]." Ernster Decl. ¶ 4; Exh. A at

12   144:25–145:2. In addition, Plaintiff's notes documenting the calls with Defendant state that

13   Defendant's representative said that reimbursement would be "based on UCR." Onibokun Decl.

14   Exhs. B, E, I. Accordingly, Plaintiff is not claiming that a contract was formed to pay 70% of

15   Plaintiff's billed charges. Rather, Plaintiff is claiming that a contract was formed to pay 70% of

16   the usual and customary rate of the services Plaintiff provided.

17         Thus, there is a genuine issue of material fact as to whether a contract existed between

18   Plaintiff and Defendant to pay 70% of the usual and customary rate of the services Plaintiff

19   provided. Accordingly, the Court DENIES Defendant's motion for summary judgment. The Court

20   next considers Plaintiff's motion for summary judgment.

21         **B.  Plaintiff's Motion for Summary Judgment**

22         Plaintiff moves for summary judgment on Defendant's counterclaim for money had and

23   received for four reasons. First, Plaintiff contends that Defendant cannot make a showing on the

24   elements of money had and received. Plaintiff's MSJ at 5–7. Second, Plaintiff contends that

25   Defendant's request for overpayment was untimely. *Id*. at 8–10. Third, Plaintiff argues that

26   Defendant's counterclaim violates the holding of *Peterson v. UnitedHealth Group*, 242 F. Supp.

27

28   Case No. 19-CV-02417-LHK
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

3d 834, 847 (D. Minn. 2017). *Id*. at 7–8. Finally, Plaintiff argues that Defendant has impeded

Plaintiff from pursuing Patient D.B., on whose treatment Defendant allegedly overpaid, for

payment. The Court addresses each argument in turn.

### 1. There are genuine issues of material fact on Defendant's counterclaim for money had and received.

Plaintiff first argues that Defendant cannot make a showing on the elements of money had

and received. Plaintiff's MSJ at 5–7. The Court disagrees for the reasons explained below.

"A cause of action for money had and received is stated if it is alleged the defendant 'is

indebted to the plaintiff in a certain sum for money had and received by the defendant for the use

of the plaintiff.'" *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997) (quoting

*Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994)). The cause of action is viable "wherever

one person has received money which belongs to another, and which in equity and good

conscience should be paid over to the latter." *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 937

(2011) (quoting *Weiss v. Marcus*, 51 Cal. App. 3d 590, 599 (1975)). "[T]he plaintiff must prove

that the defendant received money 'intended to be used for the benefit of [the plaintiff],' that the

money was not used for the plaintiff's benefit, and that the defendant has not given the money to

the plaintiff." *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013) (quotation

omitted).

At the heart of Defendant's money had and received claim is Defendant's allegation that

Defendant overpaid Plaintiff for the services rendered to Patient D.B. by $98,140.00. ECF No. 51

¶¶ 3, 22–24. Plaintiff argues that Defendant cannot show the essential elements of money had and

received for three reasons: (1) Defendant cannot show that Plaintiff received an overpayment; (2)

Defendant cannot show that the money received by Plaintiff was intended to be used for

Defendant's benefit; and (3) Defendant had not made a prior request for return of the alleged

overpayment. Plaintiff's MSJ at 6–7. The Court addresses each argument in turn.

First, Plaintiff contends that Defendant cannot show that Defendant received an

overpayment for the services rendered to Patient D.B. *Id*. at 6. Specifically, Plaintiff contends that

11

Case No. 19-CV-02417-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    Defendant has paid Plaintiff only $60,330.30 for the services rendered to Patient D.B., which is a

2    lower amount than the $98,140.00 that Defendant alleges that Defendant overpaid Plaintiff for the

3    services rendered to Plaintiff D.B. *Id*. However, there is a genuine issue of material fact regarding

4    how much Defendant paid Plaintiff for the services rendered to Patient D.B. Indeed, Defendant

5    points to evidence that Defendant has paid Plaintiff a total of $153,000.00 for the services

6    rendered to Patient D.B. Specifically, Defendant issued a Provider Remittance Advice to Plaintiff,

7    which states that Defendant paid a total of $153,000.00: $60,330.30 via transfer to Plaintiff, and

8    $92,669.70 by reducing an overpayment made on a claim for Patient M.H., who is not at issue in

9    the instant case. Onibokun Decl. in support of Plaintiff's MSJ, Exh. B at 3, 6. Thus, there are

10   genuine issues of material fact regarding whether Defendant overpaid Plaintiff for the services

11   rendered to Patient D.B.

12          Second, Plaintiff contends that Defendant cannot show that the money received by Plaintiff

13   was intended to be used for Defendant's benefit. Plaintiff's MSJ at 6. Specifically, Plaintiff argues

14   that the money received by Plaintiff was intended to be used for the benefit of Patient D.B.

15   because Patient D.B. had paid premiums for healthcare benefits provided by Apple and

16   administered by Defendant. *Id*. However, Defendant was the administrator of Patient D.B.'s health

17   plan, and "[i]t is not uncommon that an insurance company, bank, or other third-party will raise a

18   Money Had and Received claim even though the insured or payee was the one who literally

19   received the benefit of the money at issue." *Lincoln Nat'l Life Ins. Co. v. McClendon*, 230 F.

20   Supp. 3d 1180, 1191–92 (C.D. Cal. 2017) (evaluating claim for money had and received under

21   California law).

22          Finally, Plaintiff argues that Defendant had not made a prior request for the overpayment.

23   However, a claim for money had and received does not require that the plaintiff has made a prior

24   request for the overpayment. Rather, the claim requires only "that the defendant has not given the

25   money to the plaintiff." *Avidor*, 212 Cal. App. 4th at 1454 (quotation omitted). Plaintiff never

26   contends that Plaintiff has given the allegedly overpaid money back to Defendant. Thus, there are

27

28   Case No. 19-CV-02417-LHK
     ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1  genuine issues of material fact on Defendant's counterclaim for money had and received.

2  **2. Defendant's counterclaim is not untimely.**

3  Plaintiff next contends that Defendant's counterclaim was untimely. Plaintiff's MSJ at 8–

4  10. For this argument, Plaintiff relies on California Insurance Code Section 10133.66(b), which

5  states that "[r]eimbursement requests for the overpayment of a claim shall not be made . . . unless

6  a written request for reimbursement is sent to the provider within 365 days of the date of payment

7  on the overpaid claim." Cal. Ins. Code. § 10133.66(b). Plaintiff argues that Defendant failed to

8  comply with this provision because Defendant paid Plaintiff for Patient D.B.'s treatment on April

9  26, 2018, but Defendant did not file its counterclaim until March 9, 2020. Plaintiff's MSJ at 10;

10  ECF No. 51 ¶¶ 22–24.

11  However, Defendant is not requesting reimbursement under the California Insurance Code.

12  Rather, Defendant is bringing a counterclaim under a common count for money had and received.

13  ECF No. 51 ¶¶ 22–24. The statute of limitations for money had and received is two years. *See*

14  *Warren v. Lawler*, 343 F.2d 351, 360 (9th Cir. 1965) (concluding that the theory of money had

15  and received is subject to the two-year statute of limitations period set forth in Cal. Code. Civ.

16  Proc. § 339(1)); Cal. Code. Civ. Proc. § 339(1) (establishing a two-year statute of limitations

17  period for liabilities not founded on written instruments); *accord Lincoln*, 230 F. Supp. 3d at 1188

18  ("A claim for Money Had and Received [under California law] . . . is subject to a two-year statute

19  of limitations."). Defendant's counterclaim was filed within two-year statute of limitations period

20  because Defendant paid Plaintiff for D.B.'s treatment on April 26, 2018, and Defendant filed its

21  counterclaim less than two years later, on March 9, 2020. Thus, Defendant's counterclaim is not

22  untimely.

23  **3. *Peterson* is inapposite.**

24  Plaintiff also contends that Defendant's counterclaim violates the holding of *Peterson*.

25  Plaintiff's MSJ at 7–8. However, *Peterson* is inapposite. Unlike the instant case, *Peterson*

26  involved a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). 242 F.

27

13

28  Case No. 19-CV-02417-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Supp. 3d at 836. The district court had to determine whether UnitedHealth Group's interpretation

of the specific plan at issue in that case, which permitted cross-plan offsetting, was reasonable

under ERISA. *Id*. at 847. The district court concluded that UnitedHealth Group's interpretation

was unreasonable under ERISA. *Id*. Because neither Plaintiff nor Defendant has brought an

ERISA claim in the instant case, *Peterson* is inapposite to the instant case.

> **4. Plaintiff's alleged inability to pursue Patient D.B. for payment does not mean that summary judgment should be granted to Plaintiff.**

Finally, Plaintiff argues that Defendant has impeded Plaintiff from pursuing Patient D.B.

for payment. Plaintiff's MSJ at 10–11. However, even assuming that Plaintiff is unable to pursue

Patient D.B. for payment, Plaintiff never explains why Plaintiff's inability to pursue Patient D.B.

for payment means that there is an absence of genuine issues of material fact on Defendant's claim

for money had and received. Thus, the Court rejects Plaintiff's four arguments and DENIES

Plaintiff's motion for summary judgment on Defendant's counterclaim.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for summary judgment

and DENIES Defendant's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: February 12, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

14

Case No. 19-CV-02417-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT